**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GEORGE CHAD DEPUTEE,

Defendant-Appellant.

No.    16-30295

D.C. No.
CR 15-21-BLG-SPW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 6, 2018[**]
Seattle, Washington

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BENCIVENGO,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

George Chad Deputee appeals a jury verdict finding him guilty on two counts of sexual abuse of a minor in violation of 18 U.S.C. §§ 1153(a), 2241(c), and 2244(a)(1). He argues that the district court erred when it admitted testimony from the victim's sister ("Sister") about uncharged sexual abuse by Deputee. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Deputee does not dispute that Sister's testimony fell within the scope of Federal Rules of Evidence 413 and 414, which permit the admission of evidence that the defendant committed any other sexual assault, or any other child molestation, respectively. Instead, Deputee contends that the district court did not balance whether Sister's testimony about uncharged abuse was more probative than prejudicial pursuant to Rule 403.

When determining whether to admit evidence of a defendant's prior acts of sexual misconduct under Rule 403, the district court should consider factors including "(1) 'the similarity of the prior acts to the acts charged,' (2) the 'closeness in time of the prior acts to the acts charged,' (3) 'the frequency of the prior acts,' (4) the 'presence or lack of intervening circumstances,' and (5) 'the necessity of the evidence beyond the testimonies already offered at trial.'" *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001) (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)). The district court

2

considered each of these factors when it denied Deputee's motion in limine to exclude Sister's testimony about Deputee's uncharged abuse. We therefore review the district court's ruling for an abuse of discretion. *Id*. at 1024.

Deputee contends that the district court abused its discretion because it did not consider the credibility of Sister's testimony. Specifically, Deputee argues that the requirements of Federal Rule of Evidence 104(b) were not satisfied. Rule 104(b), however, did not require the district court to weigh Sister's credibility or determine that the government had proved that Deputee abused Sister by a preponderance of the evidence. The district court was required only to examine "all the evidence in the case and decide[] whether the jury could reasonably find the conditional fact—[here, that Deputee had abused Sister]—by a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 690 (1988). Sister's testimony was sufficient, without more, to allow a jury to find by a preponderance that Deputee had abused Sister. *See United States v. Redlightning*, 624 F.3d 1090, 1120 (9th Cir. 2010). Accordingly, Sister's testimony satisfied Rule 104(b), and the district court did not abuse its discretion when it admitted Sister's testimony under Rules 403, 413, and 414.

**AFFIRMED**.